UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYLAND BRION COLES, | Case No. 20-12606 |
|     Plaintiff | Linda V. Parker |
| v. | United States District Judge |
| SCION STEEL, INC., *et al.*, | Curtis Ivy, Jr. |
| | United State Magistrate Judge |
|     Defendants. | |
| _____/ | |

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 26)

On June 15, 2021, Magistrate Judge R. Steven Whalen filed a Report and Recommendation recommending granting in part and denying in part the defendants' motion to dismiss and recommending denying Plaintiff's motion for summary judgment. (ECF No. 24). On June 28, 2021, Plaintiff's motion to amend the complaint. (ECF No. 26). The motion to amend was referred to the undersigned for determination. (ECF No. 32).

The motion reads as a portion of an amended complaint—Plaintiff appears to be alleging new claims against the defendants. It is not clear if Plaintiff intends the allegations raised in the motion to entirely replace those raised in the roughly 130-page original complaint. Rather, it appears the new allegations are perhaps intended to be made in addition to those referenced in the original complaint. Nevertheless, Plaintiff's motion does not include an amended complaint that

1

reproduces the complaint *in its entirety* as amended. Thus, the motion is not proper. Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. L.R. 15.1.

For this reason, Plaintiff's motion is **DENIED** without prejudice. If he chooses, Plaintiff may file a proper motion to amend that complies with Local Rule 15.1. Further, the Court takes this opportunity to caution Plaintiff that any future motion to amend the complaint and accompanying proposed amended complaint must comply with certain Federal Rules of Civil Procedure:

1.  The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

2.  The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)

(emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009) (quoting *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id*. (quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007)); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id*. (quoting *Laurence*, 2007 WL 1875794 at *1).

    3.    Rule 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

4. Finally, plaintiff must be mindful that Rule 11 applies to any motion to amend and his proposed amended complaint. Failure to heed the Federal Rules of Civil Procedure could result in sanctions, including dismissal of his complaint. In filing his motion to amend and his proposed amended complaint, plaintiff will be representing to the Court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the proposed amended complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*See, e.g.*, *Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) (Parties "proceeding IFP are not immune from Rule 11.").

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign

as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 4, 2021                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge