UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,

       Plaintiff,

                                 Case No. 20-12606
v.                                Honorable Linda V. Parker

SCION STEEL, INC., MICKY
TSCHIRHART, TOM MCCALL,
and JEFF MICHALSKI,

       Defendants.
_____/

**<u>OPINION & ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 24]; (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [ECF NO. 6]; (3) DENYING PLAINTIFF'S MOTION "FOR JUDGMENT ON THE PLEADINGS AND SUMMARY JUDGMENT" [ECF NO. 10]; AND (4) FINDING MOOT PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF NO. 34]</u>**

On September 16, 2020, Plaintiff Gayland Brion Coles—an African-American male—filed a *pro se* action under 42 U.S.C. § 1981. (Compl., ECF No. 1.) Plaintiff named as Defendants: Scion Steel, Inc., Micky Tschirhart (Vice President), Tom McCall (General Plant Manager of Operations), and Jeff Michalski (Supervisor). (*Id.*) Plaintiff alleges Defendants (i) breached a March 28, 2019 confidential settlement agreement that resolved all claims brought in a previous lawsuit ("Settlement Agreement"); (ii) retaliated against him for filing the

previous lawsuit, for filing the attendant Equal Employment Opportunity

Commission ("EEOC") charge, and because of his race[1]; (iii) failed to promote

him in contravention of the Settlement Agreement and because of his race; and (iv)

created a hostile work environment.  (*Id*. at Pg ID 5.)  Defendants subsequently

moved to dismiss all claims against them.  (ECF No. 6.)  Shortly thereafter,

Plaintiff responded to the motion to dismiss, moved for a judgment on the

pleadings, and summary judgment.  (ECF No. 10.)  Defendants replied to

Plaintiff's response to their motion to dismiss.  (ECF No. 17.)  Defendants also

responded to Plaintiff's motion for judgment on the pleadings or motion for

summary judgment.  (ECF No. 19.)  The Court referred the matter to Magistrate

Judge R. Steven Whalen for all pretrial proceedings, including a hearing and

determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A)

and/or a report and recommendation ("R&R") on all dispositive matters pursuant

to 28 U.S.C. § 636(b)(1)(B).[2]  (ECF No. 9.)

---

[1] Interpreted as a racial discrimination claim.

[2] On July 21, 2021, this matter was reassigned to Magistrate Judge Cutis Ivy, Jr, and referred to him for all pretrial proceedings.  Plaintiff filed a motion to amend his complaint.  (ECF No. 26), which Magistrate Judge Ivy denied (ECF No. 33)—a decision to which Plaintiff has objected. (ECF No. 34.)  On September 14, 2021, Plaintiff filed a second motion to amend his complaint which has not yet been decided by this Court.

Magistrate Judge Whalen issued a Report and Recommendation ("R&R") on

June 15, 2021, recommending that the Court grant in part and deny in part

Defendants' motion to dismiss.  (ECF No. 24.)  Magistrate Judge Whalen

recommends that the Court grant in part and deny in part the Defendants' motion

for several reasons.  First, Magistrate Judge Whalen found that dismissal was not

appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (*Id.* at Pg

ID 500-03 (citations omitted).)  While enforcement of a settlement agreement is for

state courts when there is no independent basis for federal jurisdiction, Plaintiff

alleges fresh civil rights violations in this case—such as Defendants retaliating

against him for filing the previous lawsuit and the attendant EEOC charge—and

the Court therefore has supplemental jurisdiction of the breach of contract claim.

(*Id.*)

Second, as to the retaliation claim, (i) Plaintiff filed the previous lawsuit and

EEOC charge, which were protected activities; (ii) Defendants were aware that

Plaintiff engaged in these protected activities; and (iii) the alleged "inordinately

heavy work assignments which began approximately four months after the

Agreement was signed" constituted "adverse employment action."  (*Id.* at Pg ID

503-05.)  Though Magistrate Judge Whalen notes the question of whether Plaintiff

can establish that the protected activities were the "but for" cause of his heavy

workload is a closer question, Magistrate Judge Whalen ultimately concludes that

3

"Plaintiff has pled a temporal-based causal connection between the April 8, 2019 termination of the [previous] lawsuit and the inordinately heavy work orders beginning on August 26, 2019." (*Id.* at Pg ID 506.)

Third, as to claim of racial discrimination, (i) Plaintiff is a member of a protected class; (ii) Plaintiff was qualified for the position of Burney Operator and performed it satisfactorily; (iii) despite his qualifications and performance, Plaintiff was not placed in the position of Burney Operator; and (iv) "two openings for the position occurring since he executed the [Settlement] Agreement were filled by white males." (*Id.* at Pg ID 507.)

Fourth, as to the claim of failing to promote Plaintiff based on his race, Magistrate Judge Whalen notes that "a member of [a] protected class must show that he 'applied for and was qualified for a promotion,' 'was denied the promotion,' and that the desired position was filled by someone of 'similar qualification' not of the protected class." (*Id.* (citations omitted).) Magistrate Judge Whalen explains:

> Plaintiff alleges that he was qualified for the promotion to the apparently more skilled and less exertionally demanding job of Burney operator. While he does not allege that he applied for position, . . . . [t]he allegation that Defendants deliberately concealed job openings for which he was qualified for the purpose of filling the positions with non-protected individuals states a failure to promote claim. In the instance that the employee was not notified of the position, "the company is held to a duty to consider all those who might be reasonably interested in a

4

> promotion were its availability made generally known." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1022 (6th Cir. 2000). Given that Plaintiff's former lawsuit was based on Defendants' failure to promote him, he has plausibly alleged that Defendants were aware that he was interested in the open positions.

(*Id.* at Pg ID 507-08.)

Fifth, Magistrate Judge Whalen explains that in order to make out a *prima facie* case for a hostile work environment, a plaintiff must allege that (i) "he belonged to a protected group"; (ii) "was subject to unwelcome harassment"; (iii) "the harassment was based on race"; (iv) "the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment"; and (v) "the defendant knew or should have known about the harassment and failed to act." (*Id.* at Pg ID 508 (citation omitted).) Magistrate Judge Whalen finds that "Plaintiff's claim that he was given physically demanding work assignments not given to his coworkers of a non-protected class over the course of nine months, and that Defendants were made aware that the assignments were physically exhausting adequately states a claim of 'hostile work environment.'" (*Id.* at Pg ID 509.)

Sixth, Magistrate Judge Whalen finds that, to the extent that the Complaint alleges an age discrimination claim, such claims are not cognizable under §1981. (*Id.* at Pg ID 509-10 (citations omitted).)

5

Further, Magistrate Judge Whalen recommends that the Court deny

Plaintiff's motion for judgment on the pleadings and summary judgment for

several reasons.  First, the motion should be denied because it is contained within

Plaintiff's response to Defendant's Motion to Dismiss, and motions cannot be

incorporated in response briefs.  (*Id.* at Pg ID 510, 510 n.4 (citations omitted).)

Second, as to Plaintiff's motion for judgment on the pleadings, Federal Rule of

Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early

enough not to delay trial—a party may move for judgment on the pleadings."  (*Id.*

at Pg ID 510.)  Magistrate Judge Whalen explains that "Defendants filed the

present motion in lieu of an answer" and, "[i]f the District Court adopts [his]

recommendation to deny in part Defendants' motion," "[Defendants] will

presumably be required to file an answer to the complaint."  (*Id.*)  "Because

Defendants have not yet filed an answer, Plaintiff's motion should be denied."

(*Id.*)  Finally, when explaining why Plaintiff's motion for summary judgment

should be denied, Magistrate Judge Whalen notes that "Defendants have not yet

filed an answer"; "[n]o discovery has not [sic] been ordered, much less

completed"; and, ultimately, "the question of whether he is entitled to judgment as

a matter of law is grossly premature."  (*Id.* at Pg ID 511.)

At the conclusion of the R&R, Magistrate Judge Whalen informed the

parties that they must file any objections to the R&R within fourteen days.  (*Id.* at

Pg ID 511-12.)  He further advised that the "[f]ailure to file specific objections

constitutes a waiver of any further right of appeal."  (*Id.* at Pg ID 512 (citations

omitted).)  On June 29, 2021, Defendants filed objections to the R&R (ECF No.

25), and Plaintiff filed untimely objections on July 2, 2021 (ECF No. 27).

**STANDARD OF REVIEW**

When objections are filed to a magistrate judge's R&R on a dispositive

matter, the Court "make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  Nevertheless, the Court "is not required to articulate all of

the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942,

944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to

certain conclusions of the R&R waives any further right to appeal on those issues.

*See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Likewise, the failure to object to certain conclusions in the magistrate

judge's report releases the Court from its duty to independently review those

issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on

those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at

147.  Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or

conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge.  *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases).  An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

## ANALYSIS

### Defendants' Objections

Defendants raise four objections to the R&R.  First, Defendants argue that the Court does not have supplemental jurisdiction over Plaintiff's breach of settlement agreement claim.  (ECF No. 25 at Pg ID 515, 519, 522-24.)  Defendants state that supplemental jurisdiction does not exist because "[breach of contract] claim does not arise from the same common nucleus of facts as Plaintiff's § 1981 *retaliation* claim."  (ECF No. 25 at Pg ID 519, 525 (emphasis added).)  But in the portion of the motion that provides the legal support and argument for the contention that no supplemental jurisdiction exists, Defendants discuss only the

8

contention that "[R&R] concluded, in error, that Plaintiff's breach of settlement

agreement claim arises from the same facts as his § 1981 *failure to promote* claim,

because one of the ways in which Plaintiff claims the agreement was breached was

Scion's failure to promote." (*Id.* at Pg ID 525 (emphasis added).); Even if the

Court took at face value Defendants' contention that supplemental jurisdiction can

only be exercised when a federal claim "arises from the same common nucleus of

facts," because Defendants do not dispute that the retaliation claim arises from the

same common nucleus of facts as the breach of contract claim, the Court finds

Defendants do not dispute that supplemental jurisdiction exists in light of

Plaintiff's retaliation claim.

     As to Defendants' suggestion that Magistrate Judge Whalen based his

supplemental jurisdiction finding on Plaintiff's failure to promote claim, this is

simply not true. In Footnote 1, Magistrate Judge Whalen explicitly stated that "a

party's failure to comply with the terms of a settlement agreement, with nothing

more, does not state a claim of 'retaliation.'" (ECF No. 24 at Pg ID 503 n.1.)

"Here," Magistrate Judge Whalen explained, "Plaintiff not only alleges the absence

of job opportunities promised by the Agreement, but also that his work condition

has worsened since the prior lawsuit was closed." (*Id.*) For these reasons, the

Court rejects Defendants' objection that the Court does not have jurisdiction over

the breach of contract claim.

Second, Defendants contend that "[R&R] did not specifically address Defendants' Motion to Dismiss Plaintiff's breach of employment contract claim, leaving it unclear whether that claim survives." (ECF No. 25 at Pg ID 515, 519, 525-26.) Ultimately, Defendants contend, "Plaintiff's breach of employee handbook claim is not viable because, as a matter of Michigan law, [Defendants'] handbook is not a contract." (ECF No. 25 at Pg ID 526.) The preface of the handbook in question states as follows: "The language used in this Handbook is not intended to create, nor is it to be construed to constitute a contract between Scion Steel and any of its employees for either employment or the providing of any benefit." (ECF No. 25 at Pg ID 527-28 (referencing ECF No. 6-3 at Pg ID 233).) Michigan courts have repeatedly held that an employee handbook "will not create enforceable rights when the handbook expressly states that such provisions are not intended to create an employment contract." *Lytle v. Malady*, 579 N.W.2d 906, 913 (Mich. 1998) (citing *Heurtebise v. Reliable Bus. Computers, Inc.*, 550 N.W.2d 243 (Mich. 1996)); *see also Highstone v. Westin Eng'g, Inc.*, 187 F.3d 548, 552 (6th Cir. 1999) (declining to find a contractual obligation where the handbook stated that "[i]t is not a contract with any employee"). Such is the case here. Thus, to the extent that any of Plaintiff's claims rely solely on the violation of one or more provisions of an employee handbook (Compl., ECF No. 1 at Pg ID 39, 21-22,

10

49-50, 60-67, ¶¶ 18-19, 69, 89-91, 99, 102, 105-108, 112, 115, 117, 120), the Court

sustains Defendants' objection and the relevant claims are dismissed.

Third, Defendants argue that Plaintiff failed to allege an actionable adverse

employment action and facts adequate to establish causation in order to establish a

*prima facie* claim of retaliation under § 1981.  (ECF No. 25 at Pg ID 515, 519,

529-34.)  As to whether Plaintiff established an adverse action, Defendants contend

that increasing an employee's workload—without more, such as "an action with

economic consequences"—does not constitute an adverse employment action.  (*Id.*

at Pg ID 531.)  Again, this is simply not true.  The Sixth Circuit has held that a

change in work conditions"…[m]ay constitute a materially adverse employment

action, even in the absence of a demotion or pay decrease, so long as the particular

circumstances present give rise to some level of objective intolerability." *Deleon*

*v. Kalamazoo County Rd. Commn.*, 739 F.3d 914, 919 (6th Cir. 2014).  Here,

Plaintiff alleges that he was given  work orders with  inordinate weight loads that

were more physically demanding to work on.  (Compl., ECF No. 1 at Pg ID 48-

53.)  It was therefore not a mere scheduling matter or a minor inconvenience, but

the sort of change meant to exhaust the Plaintiff.  Magistrate Judge Whalen noted,

"a change in work duties to assignments more "arduous and dirtier' assignments

can constitute an adverse action for purposes of a retaliation claim.  (ECF No. 24 at

Pg ID 505) (citing *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53

11

(2006).) Defendants also argue that the change to Plaintiff's work orders occurred prior to his protected activity.  (ECF No. 25 at Pg ID 531-32.)  This is not true since the dates alleged all follow the March 27, 2019 settlement.  Accordingly, the Court rejects Defendants' assertion that Magistrate Judge Whalen erred by concluding that Plaintiff provided evidence in support of an adverse employment action.

As to causation, Defendants contend "temporal proximity alone cannot support a finding of 'but for' causation."  (ECF No. 25 at Pg ID 532.)  Magistrate Judge Whalen acknowledged that the element of causation "is a closer question" but ultimately concludes that "Plaintiff has pled a temporal-based causal connection between the April 8, 2019 termination of the [previous] lawsuit and the inordinately heavy work orders beginning on August 26, 2019."  (*Id.* at Pg ID 505-06.)  The Sixth Circuit has held, for purposes of a Rule 12(b)(6) motion that "[a]lthough temporal proximity may not be enough to ultimately sustain Plaintiffs' allegations, it is sufficient at [the motion to dismiss] stage to render Plaintiffs' claims plausible. *Top Flight Ent., Ltd. v. Schuette*, 729 F.3d 623, 632 (6th Cir. 2013).  Defendants cite several cases from the Sixth Circuit requiring more than temporal proximity but has failed to cite cases with the same procedural posture.  Accordingly, the Court disagrees with the Defendants' assertion that Magistrate

Judge Whalen erred by concluding that Plaintiff plausibly alleged causation with temporal proximity.

Finally, Defendants contend that Plaintiff failed to allege his workload increased because of his race and that it was severe or pervasive to establish a hostile work environment claim.  (ECF No. 25 at Pg ID 515, 519, 534-36.)  To succeed on a hostile work environment claim based on race a plaintiff must show:

> (1) [he] belonged to a protected group, (2) [he] was subjected to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and (5) the defendant knew or should have known about the harassment and failed to act.

*Williams v. CSX Transp. Co.*, 643 F.3d 502, 511 (6th Cir. 2011) (citing *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078-79 (6th Cir. 1999)).  Defendants focuses on Mr. Coles' ability to satisfy the third and fourth elements of his prima facie case.  Courts deciding whether the complained of conduct was sufficiently severe or pervasive to create a hostile work environment look at "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"  *Williams*, 643 F.3d at 511-12 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

Whether harassment was based on race can be established through "(1) direct evidence of the use of race-specific and derogatory terms or (2) comparative

13

evidence about how the alleged harasser treated members of both races in a mixed-race workplace." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998)).  "Harassment is based on race when it would not have occurred but for the plaintiff's race; the harassing conduct need not be overtly racist to qualify." *Id.* (citing *Clay v. United Parcel Servs., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007)).

Defendants point out that Magistrate Judge Whalen "fails to point to evidence that Plaintiff's work assignment was based on his race, relying only on [two] alleged comments"—specifically, "I thought I put you out to pasture" and that Plaintiff was "getting old on me"—that Defendants contend "have nothing to do with race."  (ECF No. 25 at Pg ID 536.)  In determining whether the conduct was sufficiently severe or pervasive to create a hostile work environment, Magistrate Judge Whalen found that:

> Plaintiff alleges that he was assigned workloads for single-handed completion while workers of a non-protected class were allowed to complete comparable assignments in pairs or were given alternatively heavy and light assignments.  [Plaintiff alleges] that on numerous occasions between August [] 2019 and March [] 2020 he was given inordinately heavy assignments. [Plaintiff alleges] that [a supervisor] issued the work assignments and that he informed [the supervisor] that the assignments were physically exhausting. [Plaintiff] alleges that he complained about his work load to [another supervisor] as well. He alleges that [the supervisor] responded to his complaints by stating at one point "I thought I put you out to pasture" and on another occasion, that Plaintiff was "getting old on [the supervisor]" Plaintiff's claim [was] that he was given

14

> physically demanding work assignments not given to his coworkers of a non-protected class over the course of nine months, and that Defendants were made aware that the assignments were physically exhausting ….

(ECF No. 24 at Pg. ID 509.)   Notably, in the complaint, Plaintiff alleges that "because [he] is a *black man*, and defendants chose to bully and bombard [him] with heavy duty work orders in order to force [him] to quit or [to] get injured [which would] forc[e] plaintiff to quit due to injury." (ECF No. 1 at Pg ID 69 ¶ 129 (emphasis added).)  Appropriately, Magistrate Judge Whalen found that Plaintiff adequately states a claim of hostile work environment.  (ECF No. 24 at Pg ID 509.)

### Plaintiff's Objections

Plaintiff lodges three objections to the R&R.  First, when considering the hostile work environment claim, Magistrate Judge Whalen "failed to use Plaintiff [E]x. 8 where the noose was found in [P]laintiff's work area" and "Plaintiff's Ex. 15 where [] McCall is describing [P]laintiff as 'sub par.'"[3]  (ECF No. 27 at Pg ID 614.)  Second, "the [R&R] failed to include Plaintiff's Complaint Paragraph 68 [] and Paragraph 128 [] where the term 'boy' was used against [P]laintiff." (*Id.*)  Third, "Plaintiff '[d]emand[s] [m]onetary [d]amges[,]' not request[s]." (*Id.*)

---

[3] There is not an Exhibit 15 included in Plaintiff's Complaint or any reference to "sub par" work performance.  (*See* Compl., ECF No. 1)

Plaintiff's objections are not sufficiently specific to inform the Court of the factual and/or legal issues he disputes.  *Cole*, 7 F.App'x  at 356.

## **CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Whalen's June 15, 2021 R&R.  The Court rejects Defendants' objections with the exception of the objection that the "[R&R] did not specifically address Defendants' Motion to Dismiss Plaintiff's breach of employment contract claim, leaving it unclear whether that claim survives."   (ECF No. 25 at Pg ID 515, 519, 525-26.)  The Court therefore sustains this objection and dismisses the claim of the breach of the employee handbook.  The Court rejects Plaintiff's objections.  (ECF No. 27).

Defendants' motion (ECF No. 6) is granted in part and denied in part as follows: (1) that the motion for dismissal under Fed. R. Civ. P. 12(b)(1) be DENIED; (2) that Defendants' motion for dismissal under 12(b)(6) be DENIED as to the claims of race discrimination, retaliation, and hostile work environment; and (3) that the motion for dismissal be GRANTED as to the claims of breach of employee handbook and age discrimination, which is not cognizable under § 1981.

Plaintiff's "motion for judgment on the pleadings and/or summary judgment and response" (ECF No. 10) is DENIED.

The Court finds Plaintiff's objection (ECF No. 34) to Magistrate Judge Ivy's Order denying his Motion to Amend (ECF No. 33) moot.

16

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 6) is

**GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for judgment on the

pleadings and for summary judgment (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED.**

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE
Dated: September 30, 2021


I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, September 30, 2021, by electronic
and/or U.S. First Class mail.


                                        s/Aaron Flanigan
                                        Case Manager