UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,             Case No. 20-12606

    Plaintiff                                        Linda V. Parker
v.                                                      United States District Judge

SCION STEEL, INC., *et al.*,           Curtis Ivy, Jr.
                                                        United State Magistrate Judge

    Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO AMEND AND DENYING AS MOOT DEFENDANTS'
MOTION TO STRIKE AND PLAINTIFF'S MOTION FOR
ADJOURNMENT (ECF Nos. 41, 42, 43, 49)</u>**

**I.    BACKGROUND**

Plaintiff Gayland Brion Coles ("Plaintiff") filed this case, *pro se*, on September 16, 2020 against Scion Steel, Inc., Micky Tschihart, Tom McCall, and Jeff Michalski ("Defendants"). (ECF No. 1). Plaintiff alleges Defendants breached a settlement agreement, discriminated against him in the workplace, and retaliated against him. (*Id.*).

**II.    PROCEDURAL HISTORY**

The case was referred to the undersigned for all pretrial matters. (ECF No. 39). The undersigned denied Plaintiff's previous attempts to amend his complaint as improper under Local Rule 15.1 because he failed to attach proposed amended

complaints. (ECF Nos. 33, 40). Before the undersigned issued the second denial (ECF No. 40), Plaintiff again moved to amend his complaint (ECF No. 41). Eight days later, Plaintiff filed another motion to amend. (ECF No. 42). Defendants moved to strike Plaintiff's third motion to amend. (ECF No. 43). Defendants do not oppose Plaintiff's fourth motion to amend but ask that the Court strike certain sections as futile. (ECF No. 44). Plaintiff also moved for adjournment of discovery while his motions to amend were pending. (ECF No. 49).

### III.   ANALYSIS

#### A. Motions to Amend Complaint (ECF Nos. 41, 42) and Strike Motion to Amend (ECF No. 43)

Although Plaintiff's third motion to amend is titled "motion to amend," it appears to be exhibits he intended to attach to a proposed amendment complaint. (ECF No. 41). There is no request before the Court or supporting law included in this motion to amend, as required by E.D. Mich. Local Rule 7.1. Plaintiff merely included "exhibits 15 through 19" which seem to support his allegations against Defendants included in his final motion to amend (ECF No. 42). So the undersigned can and will read his third motion to amend (ECF No. 41) as the exhibits for his fourth motion to amend (ECF No. 42). Since Plaintiff's third motion to amend (ECF No. 41) will not be treated as a motion, Defendants' Motion to Strike Plaintiff's third motion to amend (ECF No. 43) is **DENIED AS MOOT**.

### B. Motion to Amend Complaint (ECF No. 42)

In Plaintiff's fourth motion to amend, he seeks leave of court to amend his complaint under Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 15(c)(1)(B). (ECF No. 42, PageID.819). Plaintiff corrected his previous errors by attaching an entire proposed amended complaint to this motion as required by E.D. Mich. Local Rule 15.1. (*Id.* at PageID.820-97). In response, Defendants note that this motion has no motion, brief, or statement of concurrence as required by E.D. Mich. Local Rule 7.1. Plaintiff's motion consists of a copy of his original complaint, followed by a new cover sheet, and then new allegations. (ECF No. 44, PageID.923). Defendants argue that paragraphs ¶¶ 132-145 (excluding ¶143), ¶148, and ¶¶ 151-153 should be stricken from Plaintiff's new complaint as arguments in support Plaintiff's motion to amend and as futile allegations. Some of Plaintiff's new allegations are futile because they support his now-dismissed claim for breach of Employee Handbook.[1] Defendants do not oppose the remaining new allegations in paragraphs ¶¶ 143, 146-50 (excluding ¶ 148), and 154-190. (*Id.* at PageID.923-24).

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). There are several factors the Court can

---

[1] Defendants' futility argument is addressed in the undersigned's Report and Recommendation (ECF No. 56).

consider in determining a motion to amend, including: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Paragraphs 132 through 138 and paragraphs 151 through 153 of Plaintiff's proposed amended complaint are improper as they support his motion to amend. Paragraphs 132 through 138 of Plaintiff's proposed amended complaint describe the procedural history of his case, his motion to amend, and the authority supporting his request. (ECF No. 42, PageID.882-83, ¶¶132-38). Paragraphs 151 through 153 describe Plaintiff's request for leave to amend and authority supporting his request. (*Id.* at PageID.886-87, ¶¶151-53). These sections of Plaintiff's proposed amended complaint contain no new allegations against Defendants and appear to support his request for leave to amend his complaint. As a result, Plaintiff's motion to amend is **DENIED IN PART** as to paragraphs ¶¶ 132-138 and paragraphs ¶¶ 151-153. (ECF No. 42).

Plaintiff's remaining allegations in ¶¶ 143, 146-50, 154-190 are appropriate and Plaintiff should be granted leave to add these new allegations. (ECF No. 42, PageID.884,885-86, 887-95). The amendment would not be futile, there is no obvious prejudice to Defendants in allowing amendment, and leave to amend

4

should be freely given, the motion to amend (ECF No. 42) is **GRANTED IN PART** as to ¶¶143, 146-50, and 154-190.

### C. Motion for Stipulation of Adjournment (ECF No. 49)

In Plaintiff's motion for stipulation of adjournment, he asks that the Court adjourn the discovery process while his motion to amend is pending. (ECF No. 49). Since this Order disposes of Plaintiff's pending motions to amend, Plaintiff's motion for adjournment (ECF No. 49) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 2, 2022                           s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 2, 2022 by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850