UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYLAND BRION COLES, | Case No. 20-12606 |
| Plaintiff | Linda V. Parker |
| v. | United States District Judge |
| SCION STEEL, INC., *et al.*, | Curtis Ivy, Jr. |
| Defendants. | United State Magistrate Judge |
| _____/ | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND (ECF No. 42)

### I. PROCEDURAL HISTORY[1]

Plaintiff moved to amend his complaint (ECF No. 42) to which Defendants responded (ECF No. 44). In response, Defendants argue that paragraphs ¶¶ 139-142, paragraphs ¶¶ 144-45, and paragraph ¶ 148 should be stricken from Plaintiff's new complaint as futile. They argue Plaintiff's new allegations are futile because they support his now-dismissed claim for breach of Employee Handbook. (*Id.* at PageID.923-24).

For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend be **DENIED IN PART** and Plaintiff's breach of

---

[1] Full procedural history is discussed in the Order Granting in Part and Denying in Part Plaintiff's Motion. (ECF No. 55).

employee handbook claims be **STRICKEN** from Plaintiff's amended complaint (ECF No. 42).

## II. ANALYSIS AND RECOMMENDATION

### A. Standard of Review

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a)(2). There are several factors the Court can consider in determining a motion to amend, including: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In adopting Magistrate Judge Whalen's previous Report and Recommendation, Judge Parker dismissed the breach of the employee handbook

claim, because the handbook did not create a contract between parties. (ECF No. 37, PageID.734).

    B. <u>Analysis</u>

Paragraphs 139 through 142, paragraphs 144 through 145, and paragraph 148 should be stricken from Plaintiff's amended complaint as futile. In paragraphs 139 through 142, 144 through 145, and 148, Plaintiff discusses the employee handbook and how Defendants violated the policies contained within it. (ECF No. 42, PageID.883-86, ¶¶139-42, 144-45, 148). New complaint allegations are futile when the complaint would not survive a motion to dismiss with the new allegations included. *Miller*, 408 F.3d at 817. Judge Parker has already determined that breach of the employee handbook is not a valid claim, because Scion Steel's employee handbook is not a contract under Michigan Law. (ECF No. 37, PageID.728). Plaintiff cannot allege breach of the employee handbook because his claims related to it will be dismissed under Fed. R. Civ. P. 12 (b)(6). Plaintiff's new allegations support another breach of employee handbook claim, so they are futile. Thus, paragraphs ¶¶ 139-142, paragraphs ¶¶ 144-45, and paragraph ¶ 148 should be **STRICKEN** from Plaintiff's amended complaint (ECF No. 42). For these same reasons, Exhibit 19 (ECF No. 41, PageID.802-14), which contains sections of the Employee Handbook, should be **STRICKEN** from Plaintiff's amended Complaint as well.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Amend (ECF No. 42) be **DENIED IN PART** as to paragraphs ¶¶ 139-142, paragraphs ¶¶ 144-45, and paragraph ¶ 148.  In light of this recommendation, the undersigned further **RECOMMENDS** Plaintiff's breach of employee handbook claims and Exhibit 19 be **STRICKEN** from Plaintiff's amended complaint (ECF No. 42).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 2, 2022.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing document was served upon the parties and/of counsel of record on June 2, 2022, by electronic means and/or ordinary mail.