UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYLAND BRION COLES | Case No.: 20-12606 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| SCION STEEL, INC. *et al.*, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |

_____/

**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF No. 57);
DEFENDANTS' MOTION TO COMPEL (ECF No. 60).**

Plaintiff Gayland Brion Coles ("Plaintiff") filed this case, *pro se*, on September 16, 2020, against Scion Steel, Inc., Micky Tschihart, Tom McCall, and Jeff Michalski ("Defendants"). (ECF No. 1). Plaintiff alleges Defendants breached a settlement agreement, discriminated against him in the workplace, and retaliated against him. (*Id.*). The case was referred to the undersigned for all pretrial matters. (ECF No. 39). Plaintiff has attempted to amend his complaint several times over the course of this litigation. (ECF Nos. 26; 35; 41; 42).

This mater is presently before the Court on Plaintiff's July 6, 2022, motion for leave to file an amended complaint and Defendant's motion to compel

1

Plaintiff's discovery responses and authorizations. (ECF Nos. 57; 60).[1] The Court shall **GRANT** both of these motions.

I.    DISCUSSION

a.  <u>Standard Governing Motions to Amend.</u>

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6)

---

[1] The Court will concurrently issue a separate report and recommendation regarding Plaintiff's intervening motion for summary judgment. (ECF No. 59).

when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### b. Analysis of Plaintiff's Motion to Amend. (ECF No. 57).

On July 6, 2022, Plaintiff filed a motion to amend and accompanying proposed amended complaint. (ECF No. 57). The proposed amended complaint consists of 172 numbered paragraphs that are not in ascending numerical order, presumably because a number of the pages are not in numerical order. (*Id.*). The Court reads the amended complaint following the ascending numerical order of the paragraphs of the complaint starting at paragraph one. (*Id.*). Defendants filed an answer with affirmative defenses in response to this proposed amended complaint on July 20, 2022. (ECF No. 58). In Defendants' previous filings related to Plaintiff's amended complaints they have noted they "do not oppose in general, Plaintiff's proposed Amended Complaint" and moved to strike portions as futile and other portions because they are arguments in support of Plaintiff's motion. (ECF No. 44, PageID.920). Defendants have not opposed this motion to amend.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

3

amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court concludes there has been delay in filing because this suit was filed during September 2020, more than two years ago. (ECF No. 1). The Court notes, however, that Plaintiff has made efforts since June 2021 to amend this complaint, so the delay is not excessive despite the length of time that has transpired. As to the notice to the parties, because the proposed amendment concerns the same conduct alleged in the original complaint and Plaintiff has made several efforts to amend the Court concludes the adverse party had notice. The Court has no reason to believe that there was any bad faith or dilatory motive on the part of Plaintiff that caused delay in amendment—Plaintiff is proceeding *pro se* in this suit and appears inexperienced. The Court notes that there have been repeated filings here, but that only one of Plaintiff's motions to amend was granted in part. (ECF Nos. 55; 56). Because the repeated failure factor goes to "amendments previously *allowed*" the Court concludes there have not been repeated failures to cure by amendments allowed because only one amendment has been allowed thus far. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added); (ECF Nos. 55; 56). Defendants do not argue they will be prejudiced by allowing the amendment; indeed, they did not oppose amendment and have already answered the proposed amended complaint. (ECF No. 58). The factual allegations in the proposed

4

amended complaint all relate to Plaintiff's remaining claims, therefore, amendment would not be futile. Accordingly, leave shall be freely given and Plaintiff's motion to amend the complaint (ECF No. 57) is **GRANTED**. Plaintiff's amended complaint (ECF No. 57) will constitute the complaint in its entirety.

c. Analysis of Defendants' Motion to Compel (ECF No. 60).

Defendants allege that they served Plaintiff on June 6, 2022, with their first set of interrogatories, requests for production of documents, medical record authorizations, and notice of taking Plaintiff's deposition on August 5, 2022. (ECF No. 60, PageID.1254). They argue that Plaintiff's responses were due on July 6, 2022, pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34. (*Id.*). Defendants indicate that Plaintiff did not respond and on July 15, 2022, they wrote to Plaintiff requesting he provide responses by July 28, 2022, in order to avoid a motion to compel. (*Id.*). Defendants received Plaintiff's responses on August 2, 2022. (*Id.*)

However, Defendants assert Plaintiff's responses were deficient under Fed. R. Civ. P. 33 and 34. (*Id.*). They argue Plaintiff did not provide complete responses to interrogatories and requests to produce and failed to properly execute authorizations for his medical, insurance, social security, and tax information, specifically by completing the incorrect form or failing to sign or date the authorizations. (*Id.* at PageID.1254-55).

Defendants indicate that on August 5, 2022, they emailed and mailed Plaintiff a letter requesting he supplement his discovery requests. (*Id.* at PageID.1255). Defendants allege Plaintiff left a voicemail on August 17, 2022, stating he "just received the papers this morning. . . . and I got your email and will download everything this weekend . . ." and Defendants sent an email confirming this. (*Id.*). On August 19, 2022, Plaintiff responded and stated he did not receive Defendants' deficiency letter, which Defendants re-sent by email and mail on the same day. (*Id.*). Defendants assert Plaintiff has not supplemented his discovery requests as of the filing of their September 9, 2022, motion to compel. (*Id.*).

Defendants also assert that "[a]s a result of Plaintiff's failure to participate in discovery, Defendants were forced to adjourn Plaintiff's deposition, previously re-noticed for Friday, August 5, 2022." (*Id.*).

Defendants indicate that Plaintiff's responses to interrogatories 1, 8, 9, 13, and 15 were incomplete. (*Id.* at PageID.1264-65). They assert the same of Plaintiff's responses to requests to produce 4, 6, 7, and 10. (*Id.* at PageID.1266).

Defendants seek fees and costs associated with bringing the motion to compel because Plaintiff failed to respond or gave incomplete responses despite multiple extensions. (*Id.* at PageID.1268).

In his response, Plaintiff asserts Defendants' motion lacks merit because Plaintiff has complied. (ECF No. 61, PageID.1370). Plaintiff alleges

6

"Defendant[s] agreed to the extension of time" Plaintiff sought before the August 5, 2022, deposition date. (*Id.*). He explains that the documents "made known in his [c]omplaint were and are still in [D]efendants possession[.]" Plaintiff indicates he will file a request for production of documents to obtain all the relevant documents concerning Defendants' request for production 10. (*Id.* at PageID.1371). Plaintiff asserts Defendants are in control of "The Legal Aspects of Supervision," a manual for Scion Steel Management. (*Id.*). Plaintiff indicates Defendants "are over reaching" and that people living with Plaintiff "have no place in the discovery request." (*Id.* at PageID.1372). He asserts he has answered "each question in fairness without deception to the [D]efendant[s.]" (*Id.*).

In reply, Defendants discuss the scope of discovery and, as to the persons residing with Plaintiff, they argue it falls within the scope "because he may have discussed his employment, his lawsuit, and his alleged damages with them. At minimum, persons residing with Plaintiff may have observed his medical condition and his behavior." (ECF No. 63, PageID.1421). As for the other interrogatories, Defendants reiterate that Plaintiff's answers are non-responsive or blanket refusals to provide an answer or valid objection. (*Id.*). As to the requests to produce, Defendants reiterate that Plaintiff did not provide complete responses. (*Id.* at PageID.1422). Defendants assert that because Plaintiff has placed the status of his health in controversy by alleging injuries (such as fatigue, loss of motivation, and

7

changes in his eye color) that they are entitled to his medical records. (*Id.* at PageID.1423). In response to Plaintiff's assertions he did not refuse to sign any forms provided by Defendants, Defendants assert that Plaintiff failed to date, sign, or fill in all requested information, which constitutes a failure to properly execute the authorizations. (*Id.*). Defendants argue Plaintiff's social security and tax records are relevant to Plaintiff's potential damages and are therefore discoverable and that Plaintiff's assertion that he does not file income tax returns or receive Social Security benefits does not impact discovery. (*Id.* at PageID.1423-24).

A party seeking discovery may move for an order compelling response if the respondent fails to answer interrogatories submitted under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "The burden ... rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 33 requires that interrogatories must be answered "by the party to whom they are directed" and that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(1)-(3). Under Rule 34:

8

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

Fed. R. Civ. Pro. 34(b)(2)(B).

Upon review, the Court determines Plaintiff's discovery responses are invalid, non-responsive, and deficient. (ECF No. 60; PageID.1283-1317). Defendants move to compel as to interrogatories 1, 8, 9, 13, and 15, requests to produce 4, 6, 7, and 10, and seek executed and signed authorizations for release of Plaintiff's medical, insurance, social security earnings, and tax records. (*Id.* at PageID.1268). The Court therefore **GRANTS** Defendants' Motion to Compel, and Plaintiff must fully answer and produce within 21 days of this Order. If Plaintiff remains non-compliant with this Order, Plaintiff is warned that the Court can issue an order to show cause as to why further sanctions, as specified in Fed. R. Civ. P. 37(b)(2), up to and including judgment by default and contempt, should not be awarded against him.

As to the motion for sanctions, while some of the available sanctions set forth in Rule 37(d) are discretionary, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

9

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court **DENIES** the motion for sanctions because Plaintiff has made efforts to respond, so an award of expenses at this time would be unjust. (ECF No.60). That said, a failure by Plaintiff to comply with this Court's order or further hinder discovery could result in sanctions, including monetary sanctions.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 28, 2022.                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 28, 2022.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850