UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYLAND BRION COLES | Case No.: 20-12606 |
| Plaintiff, | Linda V. Parker |
| v. | United States District Judge |
| SCION STEEL, INC. *et al.*, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 59).

Plaintiff Gayland Brion Coles ("Plaintiff") filed this case, *pro se*, on September 16, 2020, against Scion Steel, Inc., Micky Tschihart, Tom McCall, and Jeff Michalski ("Defendants"). (ECF No. 1). Plaintiff alleges Defendants breached a settlement agreement, discriminated against him in the workplace, and retaliated against him. (*Id.*). The case was referred to the undersigned for all pretrial matters. (ECF No. 39). This matter is presently before the Court on Plaintiff's motion for summary judgment. (ECF No. 59).

### I.    DISCUSSION

a. Motion for Summary Judgment

A motion for summary judgment is premature where the parties have not had an opportunity to conduct discovery. *Tribe v. Snipes*, 19 F. App'x 325, 327

1

(6th Cir. 2001). "A court may rule on a motion for summary judgment *only after the nonmoving party has had adequate time for discovery*." *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (internal quotations omitted, emphasis added) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery."). Summary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit. *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. Mar. 4 2011); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. Feb. 8, 2010); *see also Harris v. Jiangsu ASG Earth Env't Prot. Sci. and Tech. Co., Ltd.*, 2014 WL 4661953, at *2-3 (E.D. Ky. Sept. 18, 2014) (collecting cases).

Here, the parties have only just begun discovery. Defendants have not deposed Plaintiff and Plaintiff's responses thus far to interrogatories and requests for production have been invalid, non-responsive, and deficient.[1] For these reasons they argue the motion should be denied. (ECF No. 62, PageID.1401). Plaintiff's discovery thus far consists of Defendants answer to his amended complaint and Defendants' response to his first set of interrogatories. (ECF Nos. 58; 59).

---

[1] This Court concurrently entered an order granting Defendants' motion to compel and requiring Plaintiff to answer fully and produce.

Similarly, this Court had yet to issue a scheduling order governing discovery at the time of Plaintiff's motion.[2] The undersigned suggests that given how early in discovery this action is, the parties have not had an adequate opportunity to conduct discovery thus ruling on the merits of this motion for summary judgment would be proper. *E. Kentucky Cardiothoracic Surgery, P.S.C.*, 119 F. App'x at 717. As a result, the undersigned **RECOMMENDS** the motion be **DENIED WITHOUT PREJUDICE** as prematurely filed. (ECF No. 59). *CLT Logistics*, 777 F. Supp. 2d at 1076 ("The better course for a court faced with a pre-discovery summary judgment motion will often be to deny the motion without prejudice or to defer consideration until some discovery has occurred.") (quoting 11 Moore's Federal Practice § 56.60 (3d ed. 2010)).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and*

---

[2] This Court entered the scheduling order concurrently with this Report and Recommendation.

*Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 28, 2022               s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 28, 2022.

> s/Kristen MacKay
> Case Manager
> (810) 341-7850