UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GAYLAND BRION COLES,<br>     Plaintiff, | Case No. 20-12606 |
| v. | Linda V. Parker<br>United States District Judge |
| SCION STEEL, INC., *et al.*,<br>     Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 73).

This matter is currently before the Court regarding Plaintiff's motion for summary judgment. (ECF No. 73). This case has been referred to the undersigned for all pretrial matters. (ECF No. 39).

### I. STANDARD

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477

1

U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words,

summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

II.     **COMPLAINT ALLEGATIONS**

3

The factual allegations of this case are that Defendants breached a settlement agreement, discriminated against Plaintiff in the workplace, and retaliated against him. (ECF No. 57).[1] Plaintiff's claims in this lawsuit arise out of a breach of contract settling an earlier lawsuit in Eastern District of Michigan case number 18-13754. (*Id.* at PageID.1073). The parties to the earlier lawsuit entered a settlement agreement on March 28, 2019, ("the settlement agreement") and Plaintiff now alleges a breach of this contract, discrimination, and retaliation. (*Id.* at PageID.1073-74).

More specifically, Plaintiff alleges Defendants failed to perform under the terms of the settlement agreement when they did not alert Plaintiff to open positions and failed to give Plaintiff the "opportunity to succeed or fail where appropriate training was opened from the non-filled Burney Operator's position[.]" (*Id.* at PageID.1074). Plaintiff asserts that two white men were hired for the vacant burney operator position. Plaintiff alleges Defendants denied him training which foreclosed the burney operator position to Plaintiff "based on race discrimination and retaliation[.]" (*Id.*).

---

[1] On July 6, 2022, Plaintiff filed a motion to amend and accompanying proposed amended complaint. (ECF No. 57). The Court granted Plaintiff leave to amend and ECF No. 57 is the operative complaint. (ECF No. 69). The proposed amended complaint consists of 172 numbered paragraphs that are not in ascending numerical order, presumably because a number of the pages are not in numerical order. (ECF No. 57). The Court reads the amended complaint following the ascending numerical order of the paragraphs of the complaint starting at paragraph one. (*Id.*).

### III. ANALYSIS

On March 10, 2023, Plaintiff filed a motion for summary judgment. (ECF No. 73). The Court notes that Plaintiff's motion for summary judgment does not follow a traditional brief structure and it is hard to parse Plaintiff's arguments. Much of Plaintiff's motion for summary judgment simply reiterates the facts alleged in his amended complaint or has bare assertions of law. (*Id.*). The limited factual allegations contained in Plaintiff's motion are his own unsworn allegations.

In support of his motion for summary judgment, Plaintiff argues the Court should consider that Defendants Micky Tschirhart and Tom McCall were aware of two instances since the settlement agreement was entered where there was a need for burney operators and they "kept those opportunities secret." (*Id.* at PageID.1542). Plaintiff asserts this is evidence of race discrimination creating a hostile work environment and retaliation against Plaintiff for filing the lawsuit because two white men were hired to prevent Plaintiff from ascending to the burney operator position after being trained. (*Id.*).

Plaintiff asserts that summary judgment is appropriate because Defendants have not proven or produced evidence proving that they complied with the settlement agreement. (*Id.* at PageID.1549). Plaintiff argues a breach of contract occurred in June 2019 when Scion Steel hired a white man to the burney operator position and in February 2020 when Scion Steel hired a second white man for an

open burney operator position. (*Id.* at PageID.1557-58). Plaintiff asserts that he was passed over by Scion Steel for these positions because of "its continued practice of race discrimination in preference of white men over [Plaintiff] a Black [m]an." (*Id.* at PageID.1558). Plaintiff argues this conduct is a material breach which nullified the settlement agreement. (*Id.*). He points to the short time between the signing of the agreement and these purported breaches of the contract. (*Id.*).

Plaintiff asserts that on or around May 17, 2021, the General Manager of the Scion Steel plant, non-party James Thrusman, "asked [P]laintiff about the CNC Laser operators position after the death of another plate division burney operator/laser operator." (*Id.* at PageID.1563). Thrusman conveyed he would "get back to [Plaintiff]" about the role after Thrusman talked with Defendant Tschirhart. (*Id.*). Plaintiff indicates Thrusman did not follow up with Plaintiff and Plaintiff alleges he asked Thrusman about the role several times. (*Id.*).

Plaintiff indicates he was on medical leave from August 23, 2021, until December 10, 2021, and that the CNC laser position was filed when he returned to work, as was a burney operator position. (*Id.*). Plaintiff concedes these positions were filed by Black men, but asserts the decision not to train him or promote him was based in retaliation for his previous lawsuit. (*Id.* at PageID.1564).

6

Plaintiff also alleges he was assigned to heavy duty work orders and had to "repair the heavy duty gouged out parts of the burney machines, and at all times there were 3 qualified welders in the plate division that could have easily repaired their own gouged out parts." (*Id.* at PageID.1563).

In support of his motion for summary judgment, Plaintiff provides four exhibits. (ECF No. 74). Plaintiff provides what appear to be two identical copies of the settlement agreement, Defendants' answers to Plaintiff's interrogatories, and the stipulated order of dismissal from Plaintiff's prior lawsuit as well as the order of dismissal entered in that case. (*Id.*).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627–28 (6th Cir. 2018) (quoting *Celotex Corp.*, 477 U.S. at 323). And "[i]n cases where the party moving for summary judgment . . . bears the burden of persuasion at trial, the party's initial summary judgment burden is higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012) (internal quotation marks omitted).

The undersigned suggest that Plaintiff has failed to meet his burden of demonstrating that there is no genuine dispute of material fact much less that no

reasonable jury would be free to disbelieve the record.  Here, Coles offers no deposition testimony or sworn statements.  The limited evidence he provides in support of his claims is the contract governing the prior settlement, Defendants' answers to interrogatories in this case, and the orders entered in Plaintiff's prior case.  (ECF No. 74).  These exhibits provide little clarity to Plaintiff's arguments.  The main basis of his motion for summary judgment is bare assertions of his own conclusory allegations.  (ECF No. 73).  The conclusory allegations offered by Plaintiff are insufficient to demonstrate there is an absence of a genuine dispute over the material facts here.

As noted above, when a plaintiff moves for summary judgment on a claim on which he bears the burden at trial, he must present evidence sufficient for the Court to hold that no reasonable trier of fact could find other than for the moving party.  As Plaintiff has failed to satisfy this burden, the undersigned recommends that Plaintiff's motion for summary judgment be **DENIED**.  (ECF No. 73).

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED.**  (ECF No. 73).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 29, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 29, 2023.

               s/Kristen MacKay
               Case Manager
               (810) 341-7850