UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES

    Plaintiff,

v.

SCION STEEL, INC. *et al.*

    Defendants.
_____/

Civil Case No. 20-12606
Honorable Linda V. Parker

# OPINION AND ORDER ADOPTING MAGISTRATE JUDGE IVY'S JUNE 29, 2023 REPORT & RECOMMENDATION (ECF NO. 89)

This matter has been assigned to Magistrate Judge Curtis Ivy, Jr. ("Judge Ivy") for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) (*See* ECF No. 39). Plaintiff Gayland Brion Coles commenced this lawsuit against Defendants on September 16, 2020. On March 10, 2023, Plaintiff filed his Motion for Summary Judgment (ECF No. 73).

On June 29, 2023, Judge Ivy issued an R&R recommending the Court deny Plaintiff's Motion for Summary Judgment (ECF No. 73). At the conclusion of his R&R, Judge Ivy advised the parties that they may object to and seek review of the R&R within fourteen (14) days of service upon them. Further, he specifically

advised the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id.*) Plaintiff filed a timely objection to the R&R. (ECF No. 90.) Plaintiff's objections can be distinguished into two categories: procedural and substantive.

Plaintiff's procedural objections can be identified as follows: (1) the R&R was issued prematurely, without consideration of Plaintiff's opposition brief and exhibits, including evidence of racial discrimination in the form of a noose that was left at his desk; (2) Judge Ivy was without authority to issue the R&R pursuant to 23 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 73; (3) Judge Ivy discriminated against Plaintiff for being unrepresented; and (4) Judge Ivy was not impartial. Plaintiff fails to explain how Judge Ivy either discriminated against him or lacked impartiality.

Plaintiff's substantive objections can be identified as follows: (1) Plaintiff generally objects to the R&R's conclusion; (2) Judge Ivy did not rely on controlling law pursuant to 42 U.S.C. § 1981; and (3) Plaintiff disagrees with Judge Ivy's analysis of controlling Supreme Court caselaw.

## STANDARD OF REVIEW

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

2

is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## LEGAL ANALYSIS

### Procedural Objections

Starting with Plaintiff's procedural objections, as previously mentioned, Plaintiff has not articulated how Judge Ivy failed to be impartial or discriminated against him as an unrepresented litigant. "A party who files timely objections to a [magistrate judge's] report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct errors immediately.'" *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). Here, Plaintiff has not made any specific contention that his status as an unrepresented

3

litigant resulted in discriminatory conduct by Judge Ivy. The Court will, therefore, reject this objection.

With respect to Plaintiff's argument that Judge Ivy failed to consider his opposition brief and attached exhibits, Plaintiff confuses the record. Plaintiff filed his motion for summary judgment on March 10, 2023 (ECF No. 73); the Court, thereafter, granted Defendants an extension of time to respond (ECF No. 77); Defendants filed their opposition on April 17, 2023 (ECF No. 79); Plaintiff did not file a reply; and Judge Ivy issued his R&R on June 29, 2023 (ECF No. 89).

Conversely, Defendants filed their motion for summary judgment on May 8, 2023 (ECF No. 80); the Court granted Plaintiff an extension to file an opposition (ECF No. 88), setting the deadline to file an opposition to be July 14, 2023; Plaintiff filed his opposition on July 13, 2023 (ECF No. 91); Defendants filed their reply on July 26, 2023 (ECF No. 92); and Judge Ivy issued his R&R on Defendants' motion on September 18, 2023 (ECF No. 94).

Against this backdrop, Plaintiff argues that Judge Ivy issued his R&R (ECF No. 89) on Plaintiff's motion prematurely, as it was issued on June 29, 2023, prior to the July 14, 2023 deadline and the Court did not have an opportunity to review his submissions in consideration of the motion. Plaintiff is mistaken. Judge Ivy issued his R&R on Plaintiff's motion (ECF No. 73) after he considered Plaintiff's brief and Defendants' opposition.  Judge Ivy considered Plaintiff's July 13, 2023

4

opposition in his R&R recommending the Court grant Defendants' Motion for Summary Judgment (ECF No. 94), not Plaintiff's Motion for Summary Judgment (ECF No. 73). In short, all submissions were considered for their proper purposes by Judge Ivy. Moreover, Judge Ivy considered evidence of a noose at Plaintiff's desk in his September 18, 2023 R&R. (*See* ECF No. 94 at PageID. 2067 n.5). The Court will, therefore, reject this objection.

With respect to Plaintiff's last procedural objection, whether the Court had authority to issue its report and recommendation, the Court rejects this objection. Pursuant to 28 U.S.C. § 636(b)(1)(A), magistrate judges can hear and decide all non-dispositive matters and, pursuant to 28 U.S.C. § 636(b)(1)(B), can issue reports and recommendations on all dispositive matters. Plaintiff's argument that his consent is required under 28 U.S.C. § 636(c) is incorrect. Consent is not required for the magistrate judges to decide and issue reports and recommendations on motions. Moreover, with respect to Plaintiff's argument that Federal Rule of Civil Procedure 73 requires the parties' consent, Federal Rule of Civil Procedure 72(b) provides that magistrate judges may issue reports and recommendations on dispositive matters, where Rule 73 requires the parties to consent to a magistrate judge's authority for trial purposes. Plaintiff is incorrect in his assertion that Rule 73 precludes Judge Ivy from issuing his R&R on his motion.

Substantive Objections

Turning, next, to Plaintiff's substantive objections, Plaintiff disagrees with Judge Ivy's R&R generally. Plaintiff further disagrees with Judge Ivy's interpretations with respect to 42 U.S.C. § 1981 and Supreme Court case law.

Only specific objections which pinpoint a source of error in the report are entitled to *de novo* review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections – or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error – have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Without specific objections "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard*, 932 F.2d at 509.

Here, Plaintiff generally disagrees with Judge Ivy's legal interpretations, findings, and conclusions. General disagreements are not valid objections. Plaintiff

asks the Court to reanalyze the same arguments he presented previously. The Court will, therefore, reject Plaintiff's objections as they are not valid objections.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Judge Ivy. The Court therefore adopts the R&R.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 73) is **DENIED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: November 16, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 16, 2023, by electronic and/or U.S. First Class mail.

                                        s/Aaron Flanigan
                                        Case Manager